IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


BOOTS SMITH OILFIELD SERVICES, LLC                         PLAINTIFF

V.                                   CIVIL ACTION NO. 2:13-CV-48-KS-MTP

CHIEF OIL & GAS, LLC                                       DEFENDANT


MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion to Dismiss [4] for lack of personal jurisdiction. This case is **dismissed without prejudice**.

I. BACKGROUND

This is a breach of contract and fraudulent/negligent misrepresentation case. Plaintiff alleges that Defendant hired it to move oil rigs in Pennsylvania from one site to another and agreed to provide a minimum number of moves per month. According to Plaintiff, Defendant failed to provide the guaranteed amount of work, causing Plaintiff to incur damages in the form of lost profits, income, and other business opportunities. Defendant filed a Motion to Dismiss [4] for lack of personal jurisdiction, and it is ripe for review.

II. DISCUSSION

Plaintiff has the initial burden of making a prima facie showing that the Court has jurisdiction over Defendant. *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012). The Court must accept Plaintiffs' undisputed allegations as true and resolve all factual disputes in Plaintiff's favor. *Id.* at 219-20;

*McFadin v. Gerber*, 587 F.3d 753, 758 (5th Cir. 2009). "A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin*, 587 F.3d at 759.

Here, it is not necessary for the Court to look beyond Mississippi's long-arm statute, which provides:

> Any nonresident person, firm, general or limited partnership or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

MISS. CODE ANN. § 13-3-57. Plaintiff argues that jurisdiction over Defendant is proper under the contract and tort prongs.

## A.   *Contract Prong*

Jurisdiction is appropriate under the contract prong of the long-arm statute if Defendant made "a contract with a resident of this state to be performed in whole or in part by any party in this state." *Id.* Plaintiff argues that it obviously performed part of its contractual duties in Mississippi because it is a Mississippi resident. Plaintiff represents that it coordinated its activities and made decisions from Mississippi, and that certain employees and equipment were dispatched from Mississippi.

The problem is that all of these assertions are in Plaintiff's briefing, rather than

2

in Plaintiff's Complaint or in an affidavit. Plaintiff would have the Court assume that certain activities occurred in Mississippi or, alternatively, accept Plaintiff's representations in briefing as if they were evidence. But according to the applicable standard of review, the Court must accept the allegations in the Complaint as true and resolve any factual disputes in Plaintiff's favor. *Pervasive Software*, 688 F.3d at 219-20; *McFadin*, 587 F.3d at 758. The Complaint contains no specific factual allegations indicating that Plaintiff performed contractual obligations in Mississippi, and Plaintiff's representations in briefing are not sufficient to create a genuine factual dispute. Therefore, the Court finds that Plaintiff failed to demonstrate that jurisdiction is appropriate under the contract prong of the long-arm statute.

### B.     *Tort Prong*

Jurisdiction is proper under the tort prong of the long-arm statute "if any element of the tort (or any part of any element) takes place in Mississippi." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006); *see also Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997). Plaintiff argues that its injuries necessarily occurred in Mississippi because it is located in Mississippi, citing the costs it incurred in reliance upon Defendant's contractual promises. But the Fifth Circuit has drawn a distinction between *damages* and *injuries*. *Allred*, 117 F.3d at 283. "Mississippi does not permit *damages* to serve as a proxy for *injury* in the personal jurisdiction calculus. The concepts are distinct and we must endeavor not to conflate the existence of an injury – and hence the completed tort – with the presence of its economic consequences." *Id.* Plaintiff alleged in the Complaint that it incurred certain

3

damages in Mississippi, but the Court can not discern – and Plaintiff has not identified – any allegations that an *injury* occurred in Mississippi. Accordingly, Plaintiff failed to demonstrate that jurisdiction is appropriate under the tort prong of the long-arm statute.

### III. CONCLUSION

For the reasons stated above, the Court finds that it does not have personal jurisdiction over Defendant. Therefore, the Court **grants** Defendant's Motion to Dismiss [4]. This case is **dismissed without prejudice**.

SO ORDERED AND ADJUDGED this 10th day of July, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE